IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-16-0531 |
| CARLO LAGUERRE, | * | |
| Defendant. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM ORDER

During an eight-month period in 2015 and 2016, Defendant Carlo Laguerre robbed and attempted to rob fourteen banks in the State of Maryland. (Plea Ag't 1, 8, ECF No. 25.) On November 3, 2016, a federal grand jury issued a one-count Indictment charging Laguerre with a single count of bank robbery, in violation of 18 U.S.C. §§ 2113 (a) and (f). (Indictment, ECF No. 1.) On May 18, 2017, Laguerre pled guilty to this Count. (Plea Ag't. ¶ 1.) Pursuant to Rule 11(c)(1)(C), the parties stipulated to an agreed sentence of between eight and ten years (96 months to 120 months) of imprisonment. (*Id.* ¶ 7.) On November 8, 2017, this Court sentenced Laguerre to 97 months imprisonment followed by three years of supervised release. (Judgment 2–3, ECF No. 39.)

On or about July 19, 2021,[1] Laguerre *pro se* filed a Motion for Compassionate Release (ECF No. 45). In his motion, Laguerre argues that the generalized danger presented by COVID-19 at FCI Fort Dix is an extraordinary and compelling reason to grant a sentence reduction. (*Id.* at 1.) Additionally, Laguerre argues that the COVID restrictions enacted by the

---

[1] The envelope containing the Motion was post-marked July 19, 2021. *See Houston v. Lack*, 487 U.S. 266 (1988) (discussing prison mailbox rule).

Bureau of Prisons have disproportionately increased the severity and punitive nature of his incarceration. (*Id.* at 2.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Laguerre's Motion for Compassionate Release (ECF No. 45) is hereby **DENIED**.

## BACKGROUND

The underlying facts were agreed to by the parties and stipulated in Laguerre's plea agreement. (*See* Plea Ag't 8). Between October 19, 2015 and May 25, 2016, Defendant Carlo Laguerre committed and attempted to commit fourteen bank robberies in Maryland. (*Id*). On numerous occasions during these robberies, Laguerre made threats of force against bank employees and claimed that he had a gun. (*Id.* at 9.) Following the May 25, 2016 robbery, investigators searched the Defendant's home and found a yellow construction hardhat that the Defendant wore during the final four robberies. (*Id.* at 10.) The investigators also identified the Defendant's fingerprints on a demand note and placed his car at the scene of at least one of the robberies. (*Id.*) The Defendant was ultimately interviewed whereupon he fully confessed to all of the bank robberies. (*Id.*)

On November 3, 2016, a federal grand jury returned an indictment charging Laguerre with one count of bank robbery, in violation of 18 U.S.C. §§ 2113 (a) and (f). (Indictment 1-2, ECF No. 1.) On May 18, 2017, Laguerre pled guilty to this charge. (Plea Ag't ¶ 13.) Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties stipulated to an agreed sentence of between eight and ten years (96 months to 120 months), but reached no agreement as to the appropriate sentence of supervised release for his violation. (*Id.* ¶ 7.)

Thereafter, this Court sentenced Laguerre to 97 months imprisonment with three years of supervised release for the bank robbery charge. (Judgment 2-3, ECF No. 39.)

On or about July 19, 2021, while incarcerated at FCI Fort Dix, Laguerre *pro se* filed a Motion for Compassionate Release in this Court. (ECF No. 45.) He is currently incarcerated at FCI Schuylkill. (Gov't Resp. Opp'n 11, ECF No. 48.) Laguerre's Motion for Compassionate Release is now ripe for review.

**ANALYSIS**

As Laguerre has filed his motion *pro se*, his arguments are afforded a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that pro se filings are "held to less stringent standards than formal pleadings drafted by lawyers" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1975))); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of

"extraordinary and compelling reasons" warranting a reduction and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

## I. Administrative Exhaustion Requirements

Laguerre has satisfied the preconditions to filing his Motion for Compassionate Release. Laguerre attests that he submitted a request for release to the warden of his facility on March 15, 2021, and that he has not received a response. (Mot. for Compassionate Release 1, ECF No. 45.)[2] As 30 days have elapsed between the submission of this request and the filing of the instant motion on July 19, 2021, Laguerre has exhausted his administrative remedies, and his motion is properly before this Court. *See* 18 U.S.C. § 3582(c)(1)(A).

## II. Extraordinary and Compelling Circumstances

Laguerre has not established that extraordinary and compelling circumstances warrant a sentence reduction. The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Similarly, a defendant who is "(i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of

---

[2] There is no evidence in the record indicating that Laguerre did in fact submit a request to the warden of FCI Fort Dix. However, the Government concedes that Laguerre has satisfied the administrative exhaustion requirements. (*See* Gov't Resp. Opp'n 10.) Consequently, the exhaustion requirement has been forfeited. *United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021) ("Because the [exhaustion] requirement is not jurisdictional, it may be waived or forfeited.").

the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less," faces extraordinary and compelling circumstances that may justify release. U.S.S.G. § 1B1.13 cmt. n.1(B). Finally, the Commission has authorized the Bureau of Prisons to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (holding that U.S.S.G. § 1B1.13 is not an "applicable policy statement" for compassionate release motions filed by a defendant in the wake of the First Step Act). As Judge Blake of this Court has recognized, the First Step Act embodies Congress' intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020); *accord McCoy*, 981 F.3d at 281 (holding that "the First Step Act allows courts independently to determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling'").

Laguerre offers two extraordinary and compelling reasons for compassionate release. First, Laguerre alleges that the risk of COVID-19 at FCI Fort Dix warrants a sentence reduction. Exercising its discretion under the First Step Act, this Court has determined that a defendant's heightened susceptibility to COVID-19 may constitute an extraordinary and compelling reason for a sentence reduction. *See, e.g.*, *United States v. Hurtt*, No. JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020). However, "the coronavirus is 'not tantamount

to a get out of jail free card.'" *United States v. Hiller*, No. ELH-18-0389, 2020 WL 2041673, at *4 (D. Md. Apr. 28, 2020) (Hollander, J.) (quoting *United States v. Williams*, No. PWG-13-544, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020)). Accordingly, for COVID-19 to constitute an "extraordinary and compelling" circumstance in a given case, the defendant must allege that they have a "particularized susceptibility" to COVID-19. *See, e.g.*, *United States v. Petway*, No. 21-6488, 2022 WL 168577, at * 2 (4th Cir. Jan. 19, 2022).

In this case, Laguerre offers no evidence that he is particularly susceptible to COVID-19. In his Motion for Compassionate Release, Laguerre fails to mention any specific concerns to his health or safety, merely invoking the general impact of COVID-19 on the prison population. (ECF No. 45.) Moreover, Laguerre's medical records reflect that he is fully vaccinated and does not suffer from any health condition that puts him at an elevated risk of infection or harm. (*See generally* ECF No. 50-2 *SEALED*.) Finally, Laguerre is no longer incarcerated in FCI Fort Dix, his location at the time he filed the Motion for Compassionate Release, and is now incarcerated in FCI Schuylkill. (Gov't Resp. Opp'n 11.) The Bureau of Prisons' website indicates that FCI Schuylkill has a COVID-19 posture of Level 1, reflecting the lowest applicable level of COVID-19 concerns. (ECF No. 48; BOP, FCI Schuylkill, https://www.bop.gov/locations/institutions/sch/ (last visited June 1, 2023).) Accordingly, the COVID-19 pandemic does not constitute an extraordinary and compelling circumstance in this case.

Second, Laguerre claims that the COVID-19 restrictions adopted by the Bureau of Prisons increased the punitive nature of his sentence and the hardship of his incarceration, thus warranting an early release. (Mot. for Compassionate Release 1–2, ECF No. 45.)

6

Specifically, he notes that conditions at the prison made social distancing impossible, that PPE was rarely provided, and that all programming was halted during the pandemic. (*Id.* at 1.) These assertions do not constitute an extraordinary and compelling reason for a sentence reduction standing alone. As this Court has found in similar cases, "harsh conditions of imprisonment occasioned by the COVID-19 pandemic are not, without more, sufficiently 'extraordinary and compelling' to warrant compassionate release." *See United States v. Hall*, Crim. No. JKB-04-0323, 2022 WL 2105975, at *3 (D. Md. June 10, 2022) (citing *United States v. Hatcher*, Crim. No. KPF-18-0454, 2021 WL 153510, at *3–*4 (S.D.N.Y. Apr. 19, 2021)) (Bredar. J.). As a result, Laguerre's contention that the harsh conditions at his facility increased the punitive nature of his sentence does not constitute an extraordinary and compelling reason for compassionate release in this case.

### III.   18 U.S.C. § 3553(a) Factors

Even if Laguerre had satisfied the requirements on administrative exhaustion and extraordinary and compelling reasons, the 18 U.S.C. § 3553(a) factors do not warrant a release. In *McCoy*, the Fourth Circuit made clear that "not all defendants convicted under § 924(c) should receive new sentences," and that "courts should be empowered to relieve some defendants of those sentences on a case by case basis." 981 F.3d at 286–87. Accordingly, a court must conduct an "individualized assessment" under § 3553(a) to determine a defendant's eligibility for a reduction. *McCoy*, 981 F.3d at 286. These factors require this Court to consider: (1) Laguerre's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public;

7

(4) the need for rehabilitative services; (5) the applicable guideline range; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a); *Bryant*, 2020 WL 2085471 at *4. Laguerre suggests that he has rehabilitated, and argues that continued incarceration is no longer necessary to provide just punishment, as the conditions at FCI Fort Dix during the pandemic increased the severity and hardship occasioned by his sentence. (Mot. Compassionate Release 1, ECF No. 45.) Nevertheless, the balance of the § 3553(a) factors does not support a sentence reduction or compassionate release in this case.

      The nature and seriousness of the instant offense weigh heavily against Laguerre. Laguerre made the calculated choice to rob ten banks and attempt to rob four more. (Plea Ag't 8–11, ECF No. 25.) In addition, during these robberies, Laguerre made explicit threats of force against bank employees—including threats to use a gun and implications that he would take hostages if they did not comply with his demands. (*Id.*) The robbery of a single bank is already an extremely serious offense that involves the theft of substantial property and puts others at risk of harm. The robbery of ten financial institutions and attempted robbery of four more reflects systematic offensive behavior that demands a consequential sentence. Consequently, compassionate release would not adequately reflect "the nature and seriousness of [this] offense," and continued incarceration is necessary "to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public." 18 U.S.C. § 358c(c)(1)(A)(2), (3).

      Laguerre's current sentence is "sufficient, but not greater than necessary" to achieve these deterrent and protective objectives. The statutory maximum term of incarceration for a

single bank robbery is twenty years of imprisonment. *See* 18 U.S.C. § 2113(a). Here, the parties stipulated to an agreed sentence of between eight and ten years, and Laguerre only received 97 months, or eight years and one month, for robbing and attempting to rob fourteen banks. (Plea Ag't 2; PSR ¶ 159.) Consequently, Laguerre's current sentence is less than half the statutory maximum, and falls near the bottom end of the parties' Rule 11(c)(1)(C) stipulation. Given the serious nature of Laguerre's crimes, such a sentence is just, if not lenient. To reduce Laguerre's sentence further or grant immediate release would work against the interests of deterrence and undermine the seriousness of his offense. As a result, the 18 U.S.C. § 3553(a) factors do not justify release.

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED** this 6th day of June, 2023, that Defendant Carlo Laguerre's Motion for Compassionate Release (ECF No. 45) is hereby **DENIED.**

_____/s/_____
Richard D. Bennett
United States Senior District Judge